20202

The STATE, Respondent, v. Clarence BARRON, Appellant.

(223 S. E. (2d) 859)

*Edward C. Cushman, Jr.,* and *Sylvia W. Westerdahl,* of Aiken, *for Appellant.*

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph R. Barker, Asst. Atty. Gen.,* of Columbia, and *C. LaVaun Fox, Sol.,* of Aiken, *for Respondent.*

April 5, 1976.

PER CURIAM:

Clarence Barron appeals his conviction for sale of marijuana. He contends that the trial judge erred in refusing his

motion to disclose the name of a confidential informer and relies upon the case of *Roviaro v. United States,* 353 U. S. 53, 77 S. Ct. 623, 1 L. Ed. (2d) 639 (1957).

Prior to trial the appellant filed a motion requesting the trial court to require the State to reveal the name of the alleged confidential informer. No evidence was offered on this motion and it was denied by the trial judge.

The appellant now contends that the trial court should have sustained his motion to reveal the name of the confidential informer because of his plea of alibi. We disagree.

. The testimony reveals that the confidential informer took the officer to the home of the appellant, introduced them, and inquired of the appellant if he had anything to sell. The informer was also allegedly in the room when the purported sale was made between the appellant and the officer. This case originally was presented to us on an Anders brief which we refused. We require briefs on the question of whether or not the motion to disclose the name of a confidential informer should have been granted. The precise issue was pointed out to counsel who has filed a supplemental brief on this issue, but has not argued that appellant was denied a fair trial or that he was entitled to any further relief.

·' In *Roviaro v. United States, supra,* the Supreme Court noted that protecting an informant's confidentiality serves important law-enforcement obejectives, and, therefore, determining whether to reveal his identity requires a balancing of the public interest in protecting the flow of information against the defendant's right to prepare his defense. Likewise in *McCray v. Illinois,* 386 U. S. 300, 87 S. Ct. 1056, 18 L. Ed. (2d) 62 (1967), the Court held that disclosure of the identity of an informant was not constitutionally required on the facts of that case.

Under the State's version, the informant was a material witness, to the crime and under some circumstances his identity, should have been revealed to the appellant. *Roviaro v.*

*United States, supra; McLawhorn v. North Carolina,* 484
F. (2d) 1 (4th Cir. 1973).

In this prosecution the appellant did not contend that
no sale occurred but rather that he was elsewhere.
His defense was alibi, corroborated by three witnesses
who claim to have been with him miles from the scene of
the alleged sale. This created an issue of credibility for the
jury, who decided against appellant.

When, as here, appellant's counsel does not contend
that he was denied a fair trial but, instead, asserts in
oral argument that any testimony by the informant
would have been purely conjectural, there was no abuse of
discretion.

Affirmed.